## Unite States District Court Southern District Of New York

Weijie Weng

V.

Does 1-35 (the "Doe Defendants"), Zoetop Business Co., Limited ；Zhangjiagang Bai Xuan Import And Export Trade Co., Ltd；

MIDA; Tiacham; Shenzhen JiEr Trading Co.,Ltd; Zempertoopa; the Danna Belle Store; the bilison Store; Kehen-; Fragarn; Gumipy; Xaoxeijuq ; Pybcvrrd; Babany Bebe;

the bilison Store ; the GRNSHTS Store; Aunavey; Blotona; Kiapeise; Maemukilable; Kgurtagh ; The little Girl's store; the Shalofer Store;

kidsfashionshop; feikebella; babany; Baby's Boutique Store; Princessgirls; Lishui Fanhua Technology Co., Ltd; F&H Baby Store; YK&Loving Official Store; Lishui Feike Clothing Factory of Children（丽水菲可童装厂 ） ；Hangzhou Lingpai Network Technology Co., Ltd；Lishui Yuke Garments Co., Ltd （丽水语可服饰有限公司)；

(collectively, "Defendants"), alleges, on knowledge as to itself and otherwise on information and belief, as follows:

Plaintiff Weijie Weng (hereinafter, "Weijie" or "Plaintiff"), for its Complaint against defendants Does 1-35 (the "Doe Defendants"), Zoetop Business Co., Limited；Zhangjiagang Bai Xuan Import And Export Trade Co., Ltd; MIDA； Tiacham； Shenzhen JiEr Trading Co.,Ltd; Zempertoopa； the Danna Belle Store； the bilison Store； Kehen-； Fragarn； Gumipy； Xaoxeijuq； Pybcvrrd； Babany Bebe; the bilison Store; the GRNSHTS Store； Aunavey; Blotona; Kiapeise； Maemukilable； Kgurtagh; The little Girl's store; the Shalofer Store; kidsfashionshop； feikebella； babany； Baby's Boutique Store； Princessgirls； Lishui Fanhua Technology Co., Ltd； F&H Baby Store； YK&Loving Official Store；Lishui Feike Clothing Factory of Children (丽水菲可童装厂)； Hangzhou Lingpai Network Technology Co., Ltd；Lishui Yuke Garments Co., Ltd （丽水语可服饰有限公司) ; (collectively, "Defendants"), alleges, on knowledge as to itself and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1. Defendants create, and/or import, distribute, advertise, offer for sale, and sell infringing products bearing Weijie's copyrighted designs to consumers in this District, primarily through the online marketplaces Amazon.com, Alibaba.com, Aliexpress.com, and Ebay.com (collectively, the "Online Marketplaces"). Weijie does not authorize the sale of Defendants' infringing products.

2. Defendants advertise, promote, and sell their products in this District at prices substantially below the normal market price for Weijie's products. In so doing, Defendants greatly undercut sales of authorized and legitimate Weijie's products bearing the copyrighted

designs. Many of the products sold by Defendants are low-quality copies of Weijie's products, resulting in substantial damage to Weijie's's reputation.

3. Weijie came across the world of e-commerce when he was still in college and truly felt that he had discovered a brand-new path for his future. Dropped out of college in 2015, Weijie opened a e-commerce store in 2016.

4. Founded in 2017, Forever Passion Dream, Inc is a company with offices in New York that specializes in Baby's apparel, holiday-themed custom designs baby clothes that conducts substantial business in New York and in this District. So many moms and grand-moms love Weijie's designs. They told him it was the cutest holiday outfit they had ever seen, and they shared pictures of their baby girl wearing the outfit on Weijie's Facebook Fan page. It really makes him feel he was doing something great for people. It was one of the happiest times of Weijie's life.

5. Weijie was back to school in 2021. Now he is a a part-time student at Queensborough Community College. In 2021, Weijie became a part-time Uber driver, so he can make some money to support his store. See **Exhibit 1.**

6. Weijie brings this action against Defendants for (i) direct, vicarious, and contributory infringement of Weijie's registered copyrights, in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"); and (ii) related state common law claims. Weijie seeks to recover damages for Defendants' intentional and willful infringement of Weijie's intellectual property, including without limitation, monetary damages and a preliminary and permanent injunction, to prevent Defendants from further unlawful actions against Weijie in the future.

## THE PARTIES

7. Weijie, and his store Forever Passion Dream, Inc, an U.S. company with a place of business located in NY. Weijie holds valid copyrights to its designs. Among others, the following designs are registered to Weijie with the United States Copyright Office Registration Nos. VA 2-308-195 and VA 2-254-020 (collectively, the "Copyrighted Works"). Plaintiff is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, products bearing the Copyrighted Works through online marketplaces. Defendants, through the sale and offer to sell products that infringe the Copyrighted Works, are directly, and unfairly competing with Plaintiff's economic interest in the Southern District of New York and causing Plaintiff harm within this jurisdiction.

8. Plaintiff suffers ongoing daily and sustained violations of their rights at the hands of infringers, such as Defendants herein, who wrongfully use Plaintiffs' copyrighted images for the purposes of confusing consumers and earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's products and the destruction of the legitimate market sector in which Plaintiff operates.

9. The true names and capacities of Defendants Does 1 through 35 (collectively, the "Doe Defendants") are unknown to Weijie at this time. The Doe Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside

or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations.

10. The Doe Defendants conduct business through one or more of the Online Marketplaces through various anonymous storefronts, including those named as Defendants in this action, namely, Zoetop Business Co., Limited；Zhangjiagang Bai Xuan Import And Export Trade Co., Ltd；MIDA；Tiacham；Shenzhen JiEr Trading Co.,Ltd；Zempertoopa；the Danna Belle Store; the bilison Store；Kehen-；Fragarn；Gumipy；Xaoxeijuq；Pybcvrrd；Babany Bebe; the bilison Store；the GRNSHTS Store；Aunavey; Blotona; Kiapeise；Maemukilable；Kgurtagh；The little Girl's store; the Shalofer Store; kidsfashionshop；feikebella；babany；Baby's Boutique Store; Princessgirls；Lishui Fanhua Technology Co., Ltd；F&H Baby Store；YK&Loving Official Store；Lishui Feike Clothing Factory of Children (丽水菲可童装厂)；Hangzhou Lingpai Network Technology Co., Ltd；Lishui Yuke Garments Co., Ltd (丽水语可服饰有限公司)；(the "Storefronts").

11. The Doe Defendants sell products that infringe one or more of Weijie's copyrights as more fully described herein. The Doe Defendants operate Storefronts on online marketplaces through which they market and sell products that infringe Weijie's copyrighted designs at prices far below the normal market price Weijie sells its products. Weijie believes that information obtained in discovery will lead to the identification of the Doe Defendants' true names and permit Weijie to amend this Complaint to state the same.

12. Upon information and belief, Zoetop Business Co., Limited limited company (ltd.) is a Chinese entity with a place of business at HONG KONG Room 11-12, 2/F, Hong Leong Plaza

(Phase 1), No. 33 Lok Yip Road Fanling HONG KONG which sells and/or distributes products that infringe one or more of Mizhihe's copyrights in the United States.

13. Upon information and belief, Hangzhou Lingpai Network Technology Co., Ltd.. is a Chinese entity with a place of business at Zhejiang, China in addition to operating an eponymous Storefront on Alibaba which sells and/or distributes products that infringe one or more of Weijiee's copyrights in the United States.

14. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this District, and conduct pervasive business through the operation of, at least, one fully interactive commercial Internet-based e-commerce store via online marketplaces, such as Amazon.com, eBay.com, Alibaba.com, and aliexpress.com.

15. Defendants are the past and present controlling forces behind the sale of products bearing and/or using infringements of Plaintiff's federally-registered copyrights using at least the Storefronts.

16. Upon information and belief, Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale and selling goods bearing and/or using infringements of Plaintiff's federally-registered copyrights using at least the Storefronts, and any additional domain names, websites and corresponding website URLs or seller identifiers and store URL aliases not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumer in New York through the advertisement, offer to sell, sale, and/or shipment of infringing products in New York.

17. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Storefronts by providing false and/or misleading information to the Internet-based e-commerce platforms where they offer for sale and/or sell, during the registration or maintenance process related to their respective Storefront. Upon information and belief, Defendants have anonymously registered and maintained some of the Storefronts for the sole purpose of engaging in illegal infringing activities.

18. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods that infringe Plaintiffs' federally-registered copyrights unless preliminarily and permanently enjoined.

## JURISDICTION AND VENUE

19. This Court has personal jurisdiction over Defendants in this District. Defendants have advertised and distributed and offered to distribute over the Internet through the Online Marketplaces, including in this District, unauthorized copies of Weijie's copyright-protected works. The defendants' actions have caused injury to Weijie within this District.

20. This action arises under the Copyright Act. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

21. Personal jurisdiction exists over Defendants in New York pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit

business in New York, and/or derive substantial revenue from their business transactions in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal infringing actions caused injury to Plaintiffs in New York such that Defendants should reasonably expect such actions to have consequences in New York.

22.     Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Alibaba as well as any and all as yet undiscovered User Accounts, through which consumers in the U.S., including New York, can view one or more of Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

23.     Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective User Accounts, using their Merchant Storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

24. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address.

25. Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

26. Upon information and belief, Defendants are aware of Plaintiffs, Weijie's copyrighted Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiffs in the U.S. and specifically, in New York.

27. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Weijie's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

### I. Plaintiff's Business

28. Weijie has two companies. Founded in 2016, Forever Passion Inc, and Forever Passion Dream Inc,Founded in 2017.

29. The success of Weijie's Products is due in part to the Plaintiffs' marketing and promotional efforts. These efforts currently include advertising and promotion through social media, Weijie's website (available at https://ilove-mama.com/), and other advertising, among other efforts domestically and abroad, including in New York. II. Plaintiff's Copyrights Screenshots of Weijie's social media page included in **Exhibit 4** attached hereto and incorporated herein by reference.

30. Weijie holds valid copyrights to its designs. Among others, the following designs are registered to Weijie with the United States Copyright Office (collectively, the "Copyrighted Works")

31. True copies of these registrations are attached as **Exhibit 2.**

| Registration No. | Title of Work | Registration Date | First Publication Date |
|---|---|---|---|
| VA 2-308-195 | MY 1ST BIRTHDAY | July 13, 2022 | May 29, 2018 |
| VA 2-254-020 | First 4th of July 52918 | June 04, 2021 | Oct 01, 2020 |

32. Below are copies of these registered designs:



| MY 1ST BIRTHDAY | FIRST 4TH OF JULY 52918 |
|---|---|

26. The Copyrighted Works constitute copyrightable subject matter under the laws of the United States. Weijie owns or controls the copyrights and/or the relevant exclusive rights in the Copyrighted Works under U.S. copyright laws. The certificates of registration for the Copyrighted Works were issued within five years of first publication of each of the works, and therefore constitute prima facie evidence of copyright validity.

### III. Defendants' Unlawful Conduct

27. Defendants are comprised of entities and individuals who are involved in creating products that infringe the Copyrighted Works and distributing, marketing, and selling those products in the United States through the Storefronts, and likely other storefronts.

28. Examples of Defendants' blatant copyright infringement are attached as **Exhibit 3**. As an example, below is a comparison of Weijie's product bearing its copyrighted design and Defendant SHEIN's infringing product, which it sells for substantially less than Weijie's.



29. Defendants may be operating other storefronts on the Online Marketplaces of which Weijie is not yet aware that sell products that contain Weijie's copyrighted designs. Defendants may also be operating on other websites or selling products to brick and mortar stores. Defendants may also be involved in the manufacture, importation, distribution, and/or sale of other products that infringe other copyrights owned by Weijie

30. Defendants operate the Storefronts through various anonymous seller accounts. They have established these seller accounts to hide their identities and to facilitate the sale of products that infringe on one or more of Weijie's copyrighted designs.

31. Weijie's investigation confirmed that numerous Defendants operating on the Online Marketplaces sell infringing products, for prices well below the price for genuine Weijie's products.

32. For example, Defendant Babany Bebe sells its infringing product for $14.99 through its Amazon storefront, nearly half the price of a comparable Weijie product that it sells for $23.99. A price comparison of a recent screenshot of Babany Bebe and Weijie products is attached as **Exhibit 5.**

33. Weijie has suffered and will continue to suffer serious injury due to Defendants' infringement of its copyrights. Defendants' unlawful actions could cause Weijie to cease creating designs enjoyed by many children throughout the United States.

34. Defendants' copying of the Copyrighted Works is completely unauthorized and without Weijie's consent or authorization.

35. Defendants' importation, distribution, marketing, and sale of infringing products has caused and will continue to cause irreparable injury to the reputation and goodwill of Weijie and its brand, while Defendants benefit from the labor and intellectual capital that Weijie invested in the creation of its products and designs.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement in Violation of the Copyright Act, 17 U.S.C. § 501)

36. Weijie realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

37. Weijie enjoys exclusive rights with respect to the Copyrighted Works, including the exclusive right to copy, reproduce, distribute, display, and create derivative works based on the same.

38. Defendants had direct access to the Copyrighted Works through Weijie's Facebook Page or online retail stores, which allow for the purchase of genuine Weijie products bearing the copyrighted designs.

39. Beginning on an unknown date, but at least as early as 2019 and continuing to the present, Defendants have copied the Copyrighted Works and/or have distributed, or displayed infringing copies of those works without Weijie's consent or authorization. The content of Defendants' products is substantially similar to the Copyrighted Works.

40. Defendants know or have reason to know that: (i) the Copyrighted Works are protected by the Copyright Act; (ii) Defendants are not authorized to copy, or to display and distribute infringing copies of, the Copyrighted Works without Weijie's consent, (iii) Defendants do not have Weijie's consent to copy, or to display and distribute infringing copies of, the Copyrighted Works; and (iv) Defendants' actions constitute copyright infringement under the Copyright Act.

41. Defendants have knowingly, intentionally, and willfully engaged in unauthorized copying of Weijie's Copyrighted Works and displaying, distributing, and/or selling infringing copies of those works with the intent to deprive Weijie of the revenues that it would have otherwise

earned from selling genuine Weijie products, and with the intent to wrongfully benefit from the labor and intellectual capital that Weijie invested in the creation of the Copyrighted Works.

42. The natural and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Weijie of the benefits of its sale of products bearing the Copyrighted Works. Weijie has lost and will continue to lose revenues from Defendants' continued unauthorized use of the Copyrighted Works, including without limitation, its distribution and sale of infringing products, and has sustained and will continue to sustain damage as a result of Defendants' wrongful conduct.

43. Defendants have been unjustly enriched by its wrongful use of Weijie's Copyrighted Works and infringement of those works.

44. Defendants' unauthorized copying, reproducing, distributing, displaying, and use of the Copyrighted Works without consent or authorization constitutes copyright infringement pursuant to 17 U.S.C. § 101 et seq. because Defendants' products incorporate unauthorized copies of the Copyrighted Works and/or derivative works. Moreover, Defendants' products are virtually identical or substantially similar to the Copyrighted Works.

45. Weijie has suffered and will continue to suffer irreparable harm as a result of Defendants' activities. Unless permanently enjoined, Defendants will continue to act in the unlawful manner complained of herein, to Weijie's irreparable harm. Weijie's remedy at law is not adequate to compensate it for the injuries suffered and threatened. Weijie is accordingly entitled to injunctive relief restraining Defendants from further infringement.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition in Violation of State Common Law)

46. Weijie realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

47. Defendants' aforesaid conduct is false, deceitful, and misleading, and constitutes unfair or deceptive trade practice as prohibited by New York common law.

48. Weijie has suffered and will continue to suffer irreparable harm as a result of Defendants' activities. Unless permanently enjoined, Defendants will continue to act in the unlawful manner complained of herein, to Weijie's irreparable harm. Weijie's remedy at law is not adequate to compensate it for the injuries suffered and threatened. Weijie is accordingly entitled to injunctive relief restraining Defendants from further infringement.

WHEREFORE, Plaintiff demands judgment as follows:

49. Enter judgment in favor of Plaintiff on all counts;

50. Order that Defendants be required to deliver up for destruction all materials in their possession, custody or control, or the possession, custody or control of any of their agents, distributors, and representatives, including the Online Marketplaces, embodying or displaying the Copyrighted Works, including without limitation all unsold inventory of infringing products, and all pictures, promotional materials, and any and all packaging, labels, tags, advertising and promotional materials, online materials, and any other materials, pursuant to 17 U.S.C. § 503;

51. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from: manufacturing, importing,

exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

I. directly or indirectly infringing in any manner any of Plaintiffs' Works;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Works, to identify any goods or services not authorized by Plaintiffs;

iv. using any of Plaintiffs' Works, or any other marks or artwork that are confusingly or substantially similar to the Plaintiffs' Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiffs;

vi. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii. engaging in any other actions that constitute unfair competition with Plaintiffs;

viii. engaging in any other act in derogation of Plaintiffs' rights;

ix. from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents, or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, Defendants' Assets from or to Defendants' Financial Accounts and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

x. from secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xi. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

xii. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiii. instructing any other person or entity to engage or perform any of the activities referred to in subparagraphs (i) through (xii) above; and

52. For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiffs' rights;

for destruction any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Weijie's Works,

53. For an order of the Court requiring that Defendants deliver up for destruction to Weijie Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe Weijie's works pursuant to 15 U.S.C. § 1118;

54. For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Counterfeit Products as described herein, including prejudgment interest;

55. For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

56. Order that Defendants pay Plaintiff its actual damages, plus the amount of Defendants' profits attributable to the conduct alleged herein, pursuant to 17 U.S.C. § 504(b), and other applicable law;

57. For an award of Defendants' profits and Plaintiffs' damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a designation.
Order that Defendants pay Plaintiff damages to be proven at trial for common law unfair competition;

58. Order that Defendants pay Plaintiff punitive damages as a remedy for common law unfair competition;

59. Order that Defendants pay Plaintiff, as the prevailing party, reasonable attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505 and other applicable law;

60. Order that Defendants pay Plaintiff pre-judgment and post-judgment interest on Plaintiff's damages at the applicable rate;

Grant such other and further relief as is just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby respectfully demands a jury trial on all claims so triable.

Date: August 17, 2022

Weijie Weng