UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WEIJIE WENG,

                Plaintiff,

        -v.-

DOES 1-35, *et al.*,

                Defendants.

22-cv-7082

ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff has filed an application for the Court to request counsel. The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Courts must grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

    In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. First, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61.

Plaintiff paid the filing fee in this case. He subsequently requested pro bono counsel and indicated that he submitted an application to proceed *in forma pauperis* (IFP), although the Court does not have a record of having received the application. (*See* Dkt. No. 10.) In any event, the Court cannot determine at this point whether Plaintiff's claims are "likely to be of substance" or shows "some chance of success." *Hodge*, 802 F.2d 61-62. "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 60. Defendants include thirty-five John Does, as well as over thirty entities apparently located in China and Singapore. There are likely to be challenges of service as well as recovery in this situation.

Plaintiff's motion to request pro bono counsel is denied without prejudice to renewal at a later date.

SO ORDERED.

Dated:   October 7, 2022
         New York, New York

_____
J. PAUL OETKEN
United States District Judge