UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEIJIE WENG,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>DOES 1-35, *et al.*,<br>                              Defendants. | 22-CV-7082 (JPO)<br><br>**ORDER TO SHOW CAUSE FOR**<br>**PRELIMINARY INJUNCTION;**<br>**TEMPORARY RESTRAINING**<br>**ORDER, AND EXPEDITED**<br>**DISCOVERY ORDER** |

J. PAUL OETKEN, District Judge:

**ORDER TO SHOW CAUSE:**

Pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, Section 502 of the

U.S. Copyright Act, 17 U.S.C. § 502, and N.Y.C.P.L.R. § 6201, Plaintiff has moved *ex parte*

against defendants DOES 1-35; ZOETOP BUSINESS CO., LTD. d/b/a "SHEIN;" SHEIN

DISTRIBUTION CORPORATION; ROADGET BUSINESS PTE. LTD. (SINGAPORE

PRIVATE COMPANY LIMITED BY SHARES); Zhangjiagang Bai Xuan Import And Export

Trade Co., Ltd; MIDA; Tiacham; Shenzhen JiEr Trading Co.,Ltd; Zempertoopa; the Danna Belle

Store; the bilison Store; Kehen-; Fragarn; Gumipy; Xaoxeijuq ; Pybcvrrd; Babany Bebe; the

bilison Store; the GRNSHTS Store; Aunavey; Blotona; Kiapeise; Maemukilable; Kgurtagh; The

little Girl's store; the Shalofer Store; kidsfashionshop; feikebella; babany; Baby's Boutique

Store; Princessgirls; Lishui Fanhua Technology Co., Ltd; F&H Baby Store; YK&Loving Official

Store; Hangzhou Lingpai Network Technology Co., Ltd; and Prettybaby2020 (collectively,

"Defendants"), for a temporary restraining order, expedited discovery order, order authorizing

alternate service, and order to show cause for preliminary injunction.  Plaintiff proceeds on the

basis that Defendants are creating and/or importing, distributing, offering for sale, and selling

counterfeit copies of his copyrighted designs, as set forth more fully in the Amended Complaint ("the Complaint").

The Court, having reviewed the Complaint, Memorandum of Law, supporting declarations and exhibits submitted herewith, makes the following findings of fact and conclusions of law:

A. Plaintiff is likely to succeed in showing that Defendants have infringed and are continuing to infringe the copyrighted works listed in Exhibit 2 to the Complaint (the "Copyrighted Works"), due to Defendants' manufacturing and/or importing, distributing, advertising, offering for sale, and selling counterfeit copies of Plaintiff's products.

B. The manufacture, importation, distribution, advertising, offering for sale, and sale of counterfeit copies of Plaintiff's publications will result in immediate and irreparable injury to Plaintiff if the relief requested is not granted;

C. The harm to Plaintiff from denial of the requested ex parte order outweighs any harm to Defendants' legitimate interests against granting such order; and

D. No prior application for the relief provided herein has been made by Plaintiff against Defendants.

THEREFORE, **IT IS HEREBY ORDERED** that Defendants shall appear as directed below to show cause why an Order, pursuant to Federal Rules of Civil Procedure 64 and 65, Section 502 of the U.S. Copyright Act, 17 U.S.C. § 502, and N.Y.C.P.L.R. § 6201, and the Court's equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiff a preliminary injunction enjoining Defendants, their officers, directors, agents, servants representatives, employees, successors, and assigns, and all those

acting in concert or in participation with any of them, in a manner substantially similar to the relief provided in the Temporary Restraining Order below.

**TEMPORARY RESTRAINING ORDER**

     **IT IS HEREBY ORDERED**, in accordance with Federal Rule of Civil Procedure 64, N.Y.C.P.L.R. § 6201, and the Court's inherent power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted that:

1. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

    (a) Directly or indirectly infringing any copyrighted work that is owned or controlled by Plaintiff ("Plaintiff's Works"), including the Copyrighted Works; and

    (b) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe Plaintiff's Works, including the Copyrighted Works, to manufacture, import, distribute, advertise, offer for sale, and/or sell infringing products.

2. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, and Amazon.com, Alibaba.com, Aliexpress.com, SHEIN.com and Ebay.com (collectively, the "Online Marketplaces"), and any banks, credit card

companies, credit processing companies, merchant acquiring banks, payment processing

providers, and/or other financial service providers of Defendants, or any of them, must,

upon receiving actual notice of this Temporary Restraining Order, immediately locate all

accounts connected to Defendants' online storefronts, including the storefronts named as

parties to this action (collectively, "Defendants' Accounts") and immediately cease

transferring or disposing of any money or other assets residing in those Defendants'

Accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing

any diminutions to be made from Defendants' Accounts pending further order of this

Court.  This includes but is not limited to: (a) any and all of Defendants' Accounts with

the Online Marketplaces; (b) any and all accounts with Pay Pal Inc. or other third-party

service providers associated with, or used to process payments from, to, or on behalf of

Defendants, the storefronts named in the Complaint, or Defendants' email addresses

identified by the Online Marketplaces; and (c) any and all bank accounts, credit card, or

debit accounts, or other financial institution accounts linked to or associated with

Defendants' Accounts or that otherwise have received payments for purchases from

any of Defendants' online storefronts, including the storefronts named in the Complaint.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in

effect until the date for hearing on the Order to Show Cause set forth below, or such further date

as set by the Court.

**IT IS FURTHER ORDERED** that Plaintiff shall post security in the amount of $500 by

corporate surety bond, cash, credit card, or a certified check.

**IT IS FURTHER ORDERED** that upon two (2) business days' written notice to the

Court and Plaintiff, any Defendant or restrained third party may appear and move

for the dissolution or modification of the provisions of this Temporary Restraining Order

upon an appropriate evidentiary showing.

### EXPEDITED DISCOVERY ORDER

IT IS **HEREBY ORDERED** that Plaintiff's motion for leave to take expedited

discovery, prior to a Rule 26(f) conference, is GRANTED. Plaintiff may seek discovery from

the Online Marketplaces for Defendants' true names, aliases, and all related contact and

complete financial account information associated with Defendants' online storefronts,

including email addresses, physical addresses, complete financial institution accounts, or

credit cards linked to Defendants' Accounts.

### SERVICE ORDER

Plaintiff's request for permission to service Defendants via email is denied at this time as

to any defendant located in China, for the reasons ably explained by Judge Woods' recent

opinion in *Smart Study Co. v. Acuteye-Us*: "[S]ervice by a method that is prohibited by

international agreement is impermissible under Rule 4(f)(3). And . . . service by email on

defendants located in China is not permitted under the Hague Convention."  No. 1:21-CV-5860,

2022 WL 2872297, at *7 (S.D.N.Y. July 21, 2022).  In particular, China has objected to service

by postal channels, and guidance from the Supreme People's Court of China indicates that this

objection extends to service by email. *Id.* at *9.  The Convention's silence as to a particular

method of service cannot be read to implicitly authorize that method.  *Cf id.* at *8-10 ("In other

words, Articles 11 and 19 provide ready tools to permit countries to expressly permit service by

5

email. And those articles would be largely superfluous if litigants could serve a party in another country merely by selecting a method that is not expressly listed in the Hague Convention—there would be no need for articles that permit countries to agree to other methods of service, or to legislate to affirmatively authorize other methods of services.")

Service by email is, however, permissible where the Hague Convention does not apply. The Convention is inapplicable where "the address of the person to be served with the document is not known to the party serving process." *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017).  "Courts in this Circuit have found that an address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Smart Study Co.*, 2022 WL 2872297, at *5 (citations omitted).  Reasonable diligence requires more than a "mere perusal of defendant's storefront." *Id.* at *6.  A plaintiff must make further efforts, such as investigating likely physical addresses and determining whether they are associated with defendants.  *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22 CIV. 558, 2022 WL 3701216 (PAE), at *6 (S.D.N.Y. Aug. 26, 2022) (dispatched investigator and local counsel to determine whether physical addresses were associated with defendants); *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 CIV. 2483 (LGS), 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (conducted "further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate).  At the very least, Plaintiff must establish that it used reasonable diligence to identify Defendants' physical addresses.   If Plaintiff is able to establish reasonable

diligence in identifying Defendants' physical locations, the Court will reconsider the propriety of service by email.

To the extent that Defendant ROADGET BUSINESS PTE. LTD. (SINGAPORE PRIVATE COMPANY LIMITED BY SHARES) is domiciled in Sinapore, email service is permitted.  *See In re One Apus Container Ship Incident on Nov. 30, 2022*, No. 22-md-3028 (PAE), 2022 WL 17370122, at *4 (S.D.N.Y. Dec. 2, 2022) ("Singapore is not a signatory to the Hague Convention . . . The Court is unaware of any international agreement prohibiting service by email to a Singapore-based defendant.") (cleaned up).

If any other Defendant is domiciled outside of China, upon notice from Plaintiff, the Court will consider whether service by email is appropriate.

**IT IS FURTHER ORDERED** that a **telephone hearing shall be held on January 12, 2023, at 10:30 a.m. New York time**, at which Plaintiff may present his arguments in support of his request for issuance of a preliminary injunction.  At such time, any Defendants may also be heard as to opposition to Plaintiff's Application.  **At the scheduled time, Plaintiff, defense counsel, and any interested parties shall dial 888-557-8511 and enter passcode 9300838.**

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before January 10, 2023, at 4:00 p.m via ECF.  Defendants shall additionally serve Plaintiff by email to babanycopyright@outlook.com.

This Temporary Restraining Order without notice is entered at 11:50 am on December 29, 2022, at New York, NY, and shall remain in effect for fourteen (14) days.

SO ORDERED.

Dated: December 29, 2022

11:50 a.m.

New York, New York

_____
J. PAUL OETKEN
United States District Judge