

Justin MacLean
Tel 212.801.3137
Fax 212.309.9537
Justin.MacLean@gtlaw.com

January 9, 2023

**VIA ECF AND EMAIL**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:      *Weng v. Does 1-35 et al.*, No. 1:22-cv-07082-JPO (S.D.N.Y.)
          **\*\*Emergency Relief Requested – Motion to Dissolve TRO\*\***

Dear Judge Oetken:

Defendants Zoetop Business Co., Ltd. ("Zoetop"), Shein Distribution Corporation ("SDC"), and Roadget Business Pte. Ltd. ("Roadget")[1] (collectively, "Defendants") respectfully request an expedited hearing on and resolution of Defendants' Motion to Dissolve or Modify the Temporary Restraining Order ("TRO") in this action (Dkt. 31) *as soon as possible*.

Plaintiff has served the TRO on at least one of Defendants' payment processors, causing it to suspend settlement of funds associated with Defendants' ***entire business***. *See* **Exhibit A.** This is causing Defendants to suffer immense irreparable harm, due to a TRO that violated Defendants' Due Process and has no basis to stand. As shown in Defendants' Memorandum of Law and supporting declarations filed on January 6, 2023 (D.I. 33-35):

(i)      The asserted Designs at Issue were co-authored and co-owned by Defendants' Supplier, as evidenced by copyright registrations pre-dating those asserted by Plaintiff. The Goods at Issue were lawfully made by the Supplier, and Defendants are thus entitled to sell the Goods at Issue under the first sale doctrine. Plaintiff knowingly withheld these copyright registrations from the Court.

(ii)     Despite being entitled to sell the Goods at Issue, Defendants have voluntarily ceased the challenged sales pending resolution of this lawsuit.

(iii)    Plaintiff has not shown it has suffered irreparable harm, or that Defendants are likely to dissipate assets. To the contrary, Defendants would be able to satisfy any judgment.

---

[1] Third party Roadget, a Singapore company, is specially appearing as a restrained party but challenges that Plaintiff has adequately alleged the existence of personal jurisdiction over it.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
One Vanderbilt Avenue, New York, New York 10166 ■ Tel: 212.801.9200 ■ Fax 212-801-6400

*ACTIVE 684499408v2*

The Honorable J. Paul Oetken
January 9, 2023
Page 2

_____

    (iv)      The injunction is overly broad and was entered without due process; as Exhibit A demonstrates, the TRO is being interpreted to freeze accounts relating to *all* of Defendants' business, rather than narrowly tailored to only the Goods at Issue. The Goods at Issue comprise three (3) SKUs out of many hundreds of thousands of SKUs sold on the US SHEIN retail website.

    (v)      As a result, the hardships to Defendants—whose entire business is threatened through the overly broad asset restraint fraudulently obtained by Plaintiff—vastly outweigh the hardships to Plaintiff, who is entitled to no relief whatsoever.

Further, in accordance with Your Honor's Order granting Defendants additional time to supplement their motion papers (D.I. 38), Defendants anticipate obtaining a declaration from the Supplier of the Goods at Issue testifying to her role in creating the Designs at Issue and hiring Plaintiff merely to illustrate those designs, and including documents reflecting payments the Supplier made to Plaintiff and other chat transcripts related to those payments. Defendants will file the supplemental declaration from the Supplier as soon as possible.

For the foregoing reasons, Defendants respectfully request that their Motion to Dissolve or Modify the TRO be expeditiously heard, and that the TRO be dissolved or modified immediately thereafter.

Respectfully submitted,

Justin A. MacLean

cc: Plaintiff Weijie Weng (babanycopyright@outlook.com)

# EXHIBIT A

**Update from Afterpay** ☆ ⤴

发件人： **Mike Ryan** <michaelryan@squareup.com>
时　间： 2023年1月8日(星期天) 下午3:49
收件人： **Ted** <ted.wang@shein.com>
抄　送： **Grace Chen** <gracel@squareup.com>

翻译全文 | ⟲ ▢ ⊕ ⋮

Dear Ted,

I hope this message finds you well.

I am reaching out to let you know that, on January 6, 2023, we at Afterpay received a Court Order via email from Weijie Weng using the address babanyCopyright@outlook.com. The Order appears to be a Temporary Restraining Order issued by the United States District Court for the Southern District of New York against SHEIN, among others. In order to comply with the Order, Afterpay will have to pause settlement of funds to merchant accounts associated with the following US MIDs until January 12, 2023:  Thereafter, beginning as early as 12:00 AM Eastern on January 13, 2023 if practicable, or, if the court orders a hearing on the motion to dissolve the injunction sooner, settlement will resume as normal unless we are notified that the court has issued a Preliminary Injunction, as described in the Order.

Please rest assured that the Afterpay accounts associated with the MIDs listed above will continue to receive funds during this time. Also, we are in the process of identifying whether any additional MIDs beyond those listed above fall within the scope of the Order. If you are aware of any additional MIDs for which settlement should be paused until January 12, 2023, please kindly let us know of those. We do not anticipate any other changes to SHEIN's operations with Afterpay.

Finally, allow me to reiterate that we absolutely value SHEIN's relationship with Afterpay. Please let me know if you have any questions or would like to discuss this matter further. I'm happy to arrange a meeting to discuss.

Regards,
Mike

Michael Ryan
Vice President APAC
Afterpay (Square)