UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEIJIE WENG,

Plaintiff,

-v-

DOES 1-35, *et al.*,

Defendants.

22-CV-7082 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On December 29, 2022, the Court entered an Order to Show Cause for Preliminary

Injunction, Temporary Restraining Order, and Expedited Discovery Order against Defendants in

this matter.  That Order was modified on January 9, 2023.  A preliminary injunction hearing was

held by telephone on January 12, 2023.

The Court finds that Plaintiff has failed to justify the issuing of a preliminary injunction

against any defendant in this action.  To obtain a preliminary injunction, a plaintiff must

demonstrate a likelihood of success on the merits.  *Random House, Inc. v. Rosetta Books LLC*,

283 F.3d 490, 491 (2d Cir. 2002).  Here, Defendants Zoetop Business Co., Ltd., Shein

Distribution Corporation, and Roadget Business Pte. Ltd. have persuasively shown that the first

sale doctrine immunizes them from liability on Plaintiff's copyright claims.  (*See* Dkt. No. 33 at

10-12.)  Defendants also put forth evidence that Plaintiff's July 2022 registrations of the two

works previously sold on their websites, "My First Birthday" (VA0002308195) and "ONE"

(VA0002314705), were predated by registrations of the *same works* which list Lifei Zhou as a

co-author (VAu001462941 and VAu00142938).  (Dkt. No. 50 at 3-5.)  Plaintiff calls the listing

of Zhou on the earlier registrations a "mistake" and asserts that he is the true, sole author of the

copyrights at issue.  But "[a] certificate of registration from the United States Register of

1

Copyrights constitutes prima facie evidence of the valid ownership of a copyright." *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999).  While Plaintiff may rebut that presumption of ownership, he—not the Defendants—has the burden to prove that Zhou is not a true co-author of the works.  *See id.*  He has failed to do so at this point.  While Plaintiff has submitted drawings that purport to show that he was the sole author of the works (Dkt. No. 54-1), they lack a date or any other contextual information sufficient to successfully dispute Zhou's status as a co-author.

As to the other Defendants listed in the Amended Complaint, Plaintiff has not shown that he effected proper service of the summons, amended complaint, and temporary restraining order. In particular, the Court ordered Plaintiff to serve any Defendant located in China under means permitted by the Hague Convention.  (Dkt. 14 at 5-6.)  Plaintiff has not shown evidence of proper service, meaning that Defendants have not been properly notified of the injunctive relief sought against them.  *See* FED. R. CIV. P. 65 ("The court may issue a preliminary injunction only on notice to the adverse party.")

The Order to Show Cause at Docket Number 29 is hereby discharged.

Each of Plaintiff's motions for a preliminary injunction (Docket Numbers 51, 52, and 53) is DENIED.

The Clerk of Court is directed to close all open motions on the docket.

SO ORDERED.

Dated: January 12, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2