UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEIJIE WENG,

                     Plaintiff,

       -v-

DOES 1-35, *et al.*,

                     Defendants.

22-CV-7082 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    On October 7, 2022, the Court denied Plaintiff's motion to request pro bono counsel, without prejudice to renewal at a later date. (ECF No. 13.)

    On January 19, 2023, Plaintiff renewed his request for pro bono counsel. His filing specifically references the letter filed at ECF Number 21, in which counsel representing Defendants Zoetop Business Co., Ltd., Shein Distribution Corporation, and Roadget Business Pte. Ltd. ("Shein Defendants") asserted that Plaintiff fraudulently registered designs co-authored by another individual, Lifei Zhou, with the United States Copyright Office. (ECF No. 59.) Plaintiff believes that these statements are defamatory. (*Id.*)

    In support of his application for the appointment of pro bono counsel, Plaintiff has submitted several pages of positive reviews from his customers. (ECF Nos. 59-1, 59-2.) He has also submitted, via email, documents purporting to show ties between the Shein Defendants' business and the Chinese Communist Party (CCP). Plaintiff likewise submitted documents purporting to show a "close relationship" between Lifei Zhou—the individual contracted by the

1

Shein Defendants to provide the clothing at the center of this dispute—and the CCP.[1]  (*See* ECF No. 62.)

Whether the Shein Defendants or Ms. Zhou have close links to the CCP is not relevant to the determination of whether Plaintiff's case merits the appointment of pro bono counsel.  As stated in the Court's prior order, courts must grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

*Hodge v. Police Officers* requires the Court to consider whether a litigant's claim "seems likely to be of substance" or "shows some chance of success."  802 F.2d 58, 60-62 (2d Cir. 1986).  The Shein Defendants have presented evidence calling Plaintiff's copyright claims into serious question, indicating that Plaintiff may, *at most*, share co-authorship of the works with Ms. Zhou.[2]  (*E.g.*, ECF No. 50 at 8-10; No. 57 at 4.)  Defendants assert that they contracted Ms. Zhou's company to provide ready-made, finished goods that contained the disputed designs and that therefore the first-sale doctrine is a defense to Plaintiff's copyright infringement claims.  (ECF No. 50 at 16.)  As explained during the January 17, 2023 preliminary injunction hearing, Plaintiff's best rebuttal is that there was a mistake: his wife, who is his partner in his small business, mistakenly listed Zhou as a joint author of the relevant copyright registrations when

---

[1] Plaintiff requests to submit all of the documents referencing the relationship between the Shein Defendants, Ms. Zhou, and the CCP under seal due to "concerns for his personal safety."  But the documents submitted to the Court via its email inbox appear to be publicly available news articles, blog posts, and online directory listings.  These documents do not merit sealing because they do not contain any sensitive or private information particular to this case.  Plaintiff is therefore ordered to file his submissions regarding Defendants, the CCP, and Ms. Zhou (sent via email to the Court on February 2, 2023 and February 17, 2023) on ECF.

[2] For her part, Ms. Zhou has attested that she created the designs and hired Mr. Weng to illustrate them.  (ECF No. 50-1 at 3.)

Plaintiff was, in fact, the sole author. (ECF No. 57 at 8.) But Plaintiff has not provided any evidence relevant toward establishing that he is the true sole author of the copyrighted works. As such, his claims do not demonstrate the likelihood of success necessary to justify the appointment of counsel.

For his part, Plaintiff asserts that the Shein Defendants have defamed him. (*E.g.*, ECF Nos. 48, 49, 59.) Such a claim cannot justify the appointment of counsel for two reasons: first, Plaintiff has not formally asserted any defamation claim in this action. Second, even if a defamation claim were properly before the Court, Plaintiff's likelihood of success appears low: "Under New York law, it is fundamental that truth is an absolute, unqualified defense to a civil defamation action." *See Biro v. Conde Nast*, 883 F. Supp. 2d 441, 458 (S.D.N.Y. 2012) (quoting *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 301 (2d Cir.1986)).

Plaintiff's motion for the appointment of pro bono counsel is therefore DENIED. Plaintiff's motion to proceed without the prepayment of fees, which the Court construes as having been filed to demonstrate his financial status in support of his motion for counsel, is DENIED as moot.[3]

The Clerk of Court is directed to close the motions at ECF Numbers 59 and 60.

The Clerk of Court is further directed to unseal the submission at ECF Number 62.

SO ORDERED.

Dated: February 23, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] Plaintiff paid the filing fees associated with this action on August 24, 2022.