UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────
WEIJIE WENG,
                      Plaintiff,

            -v-

DOES 1-35, *et al.*,
                      Defendants.
─────────────────────────────────

22-CV-7082 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Weijie Weng brings this *pro se* action against over sixty defendants, including Roadget Business Pte., Ltd. ("Roadget"). Weng alleges that Defendants are creating and/or importing, distributing, and selling counterfeit copies of his copyrighted designs. Roadget moves to dismiss for lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectively. Weng also moves to amend his complaint for a second time. For the reasons that follow, Roadget's motion to dismiss under Rule 12(b)(2) is granted and Weng's motion to amend is denied.

**I.    Background**

    **A.    Factual Background**

The following facts are taken from the Amended Complaint (ECF No. 8) and documents incorporated into it by reference. They are presumed true for the purposes of resolving the motion to dismiss.

Weng is the owner of two businesses, Forever Passion, Inc., and Forever Passion Dream, Inc., located in New York. (*Id.* at 3-4, 9.)[1] He holds the copyright to three original designs and

---

[1] Because Plaintiff's Amended Complaint includes duplicate paragraph numbers, citations to the Amended Complaint will refer to the page number only.

sells baby clothes incorporating the designs on his commercial website and a Facebook page. (*Id.* at 3-4, 9-11, 56-62.) Weng alleges that thirty-five unidentified defendants (collectively, the "Doe Defendants") have infringed his copyrights by manufacturing and selling products bearing the copyrighted designs on various online marketplaces, including Amazon, eBay, Alibaba, and AliExpress. (*Id.* at 2, 4-5.)

The Doe Defendants allegedly sold the infringing products on these online marketplaces through "various anonymous storefronts" or seller accounts. (*Id.* at 5, 12.) These storefronts are the thirty-five named defendants in the complaint and include Roadget, a "SINGAPORE PRIVATE COMPANY LIMITED BY SHARES." (*Id.* at 5.) Weng also alleges that the Doe Defendants undercut Weng's business by selling the infringing goods at lower prices than those Weng charges for his products. (*Id*. at 4-5, 12.)

### B.     Procedural History

On August 18, 2022, Weng filed a *pro se* complaint asserting copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and unfair competition under New York law. (ECF No. 1.) On August 24, 2022, Weng filed an amended complaint, replacing certain defendants with others, including Roadget. (ECF No. 8.) The Court entered a temporary restraining order (TRO) against Defendants on December 29, 2022. (ECF No. 14.) On January 6, 2023, Defendant Roadget, along with Defendants Zoetop Business Co., Ltd. and Shein Distribution Corporation, moved to dissolve or modify the TRO. (ECF No. 31.) On January 9, 2023, the Court modified the TRO to apply to only the three works identified in the amended complaint and to lift an asset freeze imposed on the three defendants by the TRO. (ECF No. 43.) At a hearing on January 12, 2023, the Court denied Weng's motion for a preliminary injunction and lifted the TRO as to all defendants. (ECF No. 57 at 18-19.) On January 19, 2023, Weng filed a waiver of the service of summons signed by Roadget. (ECF No. 61.)

On February 24, 2023, Roadget moved to dismiss the complaint. (ECF No. 64.) Roadget argued that personal jurisdiction was lacking under Rule 12(b)(2), that Weng did not state a claim under Rule 12(b)(6), and that Court should not permit Weng to amend his complaint a second time. (ECF No. 65.) On February 26, 2023, Weng filed a memorandum in opposition (ECF No. 67), and, on the following day, filed a motion to amend his complaint (ECF No. 68). On March 2, 2023, Roadget filed a reply in support of its motion to dismiss. (ECF No. 70.) On March 5, 2023, Weng filed his reply. (ECF No. 71.)

## II.     Legal Standard

### A.     Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). Where, as here, there has been no "full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction." *Id*. (quoting *Bank Brussels*, 171 F.3d at 784). At this "preliminary stage," a prima facie showing sufficient to defeat a Rule 12(b)(2) motion "may be established solely by allegations" pleaded in good faith. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (per curiam) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). The allegations, though, must be more than "conclusory statement[s]"; rather, they must state specific "facts supporting th[e] conclusion" that jurisdiction is proper. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998).

### B.     Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be given "freely . . . when justice so requires." Under this standard, a motion to amend "should

3

not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district court has broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000).

### III. Discussion

#### A. Motion to Dismiss

To adjudicate a claim, a court must have either "general" or "specific" personal jurisdiction over the defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). A court has general jurisdiction over a corporation when its "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 139 (internal quotation marks omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). As the complaint concedes, Roadget is a "SINGAPORE PRIVATE COMPANY LIMITED BY SHARES." (ECF No. 8 at 5.) Weng does not allege that Roadget is incorporated or maintains its principal place of business in New York. Thus, the complaint does not allege the facts necessary for the Court to exercise general jurisdiction.

Absent consent, this Court may exercise specific jurisdiction "only to the extent that 'a court of general jurisdiction' in New York could do the same." *Ramiro Aviles v. S&P Global, Inc.*, 380 F. Supp. 3d 221, 259 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 4(k)(1)(A)). A New York court's ability to exercise jurisdiction over non-domiciliaries like Roadget, in turn, is limited by two sources of law: (1) New York's long-arm statute, N.Y. C.P.L.R. § 302(a), and

4

(2) the U.S. Constitution's Due Process Clause. *See Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010).

Under New York's long-arm statute, courts may exercise jurisdiction over Roadget — a non-domiciliary defendant — if Roadget "transacts any business within the state or contracts anywhere to supply goods or services in the state," N.Y. C.P.L.R. § 302(a)(1); committed an act of infringement within the state, *id*. § 302(a)(2); or "owns, uses or possesses any real property" in New York, *id*. § 302(a)(4). New York courts may also exercise jurisdiction based on an out-of-state act of infringement if Roadget regularly does or solicits business in New York, engages in a persistent course of conduct in the state, derives substantial revenue from goods used in the state, or expected or should have reasonably expected the out-of-state act to have consequences in New York and derives substantial revenue from interstate or international commerce. *Id*. § 302(a)(3).

Even construing Weng's *pro se* pleadings "liberally" and "interpret[ing] them to raise the strongest arguments they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted), Weng fails to make a prima facie showing of jurisdiction. The complaint does not allege any specific facts supporting the conclusion that Roadget transacts business or contracts to supply goods or services in New York; committed any acts of infringement in the state; owns property in New York; solicits business in the state; derives substantial revenue from goods used in the state; or expected or should have expected any alleged acts of infringement to have consequences in New York.

The complaint's sole specific allegation against Roadget is that it is one of numerous "anonymous storefronts" through which the Doe Defendants sell the infringing goods online. (ECF No. 8 at 5.) The complaint then makes broad and conclusory jurisdictional allegations

against all Defendants collectively, with no specific facts about any Defendant's personal connection to New York. (*Id.* at 7-9.) Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, these allegations are insufficient to provide a basis for this Court's exercise of personal jurisdiction over Roadget. "Courts have . . . routinely granted 12(b)(2) motions for lack of personal jurisdiction where the plaintiff made only broadly worded and vague allegations about a defendant's participation in the specific matter at hand." *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998). The complaint's vague and conclusory allegations do not establish any personal connection between Roadget and New York and, therefore, fail to satisfy the requirements of the state's long-arm statute.

Accordingly, the motion to dismiss under Rule 12(b)(2) is granted. The Court need not and does not reach the motion to dismiss under Rule 12(b)(6).

### B.  Motion to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required when it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Courts evaluate a proposed amended complaint challenged on futility grounds under the Rule 12(b)(6) standard for a motion to dismiss for failure to state a claim. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2010). Thus, a motion to amend that is challenged on futility grounds must show that the proposed amended complaint pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Weng has already amended his complaint once. (ECF No. 8.) In support of his motion to amend for a second time, Weng has not submitted a proposed amended complaint. Instead, Weng offers a brief reply affirmation and a series of exhibits, none of which alleges any

connection between Roadget and New York.  Indeed, most of the exhibits consists of material related to Defendant Shein Development Corporation and its relationship with the Chinese Communist Party.  (ECF No. 69.)  One of the exhibits consists of excerpts from filings by Shein Development Corporation in two unrelated suits.  (ECF No. 69, Ex. D.)  Even construed liberally, none of Weng's submissions supports a reasonable inference that this Court has personal jurisdiction over Roadget.  Roadget itself has attested that it is a Singapore company that operates entirely outside the United States and does not sell products to U.S. consumers.  (ECF No. 33 at 1 n.1, 4-5.)  None of Plaintiff's submissions specifically challenges these attestations.  It would be futile, therefore, to permit a second attempt to amend the complaint, as no amendment appears capable of curing the jurisdictional defect.  Accordingly, Plaintiff's motion to amend is denied.

**IV.   Conclusion**

For the foregoing reasons, Defendant Roadget Business Pte., Ltd.'s motion to dismiss for lack of personal jurisdiction is GRANTED, and Plaintiff's motion for leave to amend the complaint is DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 64 and 68.

SO ORDERED.

Dated: September 25, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge