**Law Office of Timothy A. Duffy, P.C.**

<u>VIA CM/ECF</u>

November 27, 2023

Hon. J. Paul Oetken
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York New York 10007

      Re:    *Weng v Does 1*-35, et al., 22-cv-07082-JPO

Dear Judge Oetken,

I write on behalf of my client, The Danna Belle Store, first to join in the request for relief from any obligation to respond to plaintiff's Third Preliminary Injunction Motion (Dkt. 110) made by Ms. Boyajian in her letter of November 22, 2023.

Second, Mr. Weng has failed to comply with the Court's Order of November 16, 2023 (Dkt. 109) requiring him, within 24 hours, to notify Amazon that the prior TRO is no longer in effect and to file proof he made that notification.

Mr. Weng made a filing on November 22, 2023 (Dkt. 118) that, I believe, was his attempt to show compliance with the Court's Order. In his filing, Mr. Weng states: "Amazon was aware that the Temporary Restraining Order (TRO) had expired and the Preliminary Injunction (P.I.) was rejected when it began freezing the assets on February 18." This cannot be correct. Mr. Weng attaches screenshots of messages that show only that Amazon in fact told one of the defendants on February 18 that it was putting a hold on its account pursuant to a TRO – which obviously indicates Amazon was under the impression the TRO was in effect at that time. His attachments also include messages where a defendant states that Amazon will not release the hold until informed by the Court or the complaining party that the order requiring it to hold funds has been withdrawn. None of these attachments show Amazon was or is aware the TRO is lifted. They in no way show that Mr. Weng has complied with the Court's November 16 Order.

My client has over $100,000 frozen at Amazon as a result of Mr. Weng sending Amazon the TRO (probably in February after it has already been lifted). He has provided no evidence he has ever told Amazon the TRO is no longer in effect and that there is no longer any basis for a hold.

Timothy A. Duffy
Law Office of Timothy A. Duffy, P.C.
725 W Orchard Cir
Lake Forest, Illinois 60045
+1-847-530-4920
tduffy@tduffylaw.com

**Law Office of Timothy A. Duffy, P.C.**

Given the circumstances, the Danna Belle Store respectfully requests that the Court issue an Order that defense counsel can send to Amazon in order to release their improperly held funds in the form proposed attached hereto. The proposed Order imposes no greater burden on any third party than did the TRO, and is thus well within the Court's equitable powers to issue.

Third, I note for the Court that Mr. Weng has stated in an email to me: "I am currently compiling evidence for a motion against not just your client but also you, for causing irreparable harm." I therefore also second Ms. Boyajin's request to prohibit plaintiff from filing any complaints against not only her and her clients, but any defendants or their counsel absent leave of the Court.

Finally, I note for the Court that 17 U.S.C. § 505 provides that the Court may award a prevailing party in a copyright case its full costs, including attorneys' fees, *see, e.g.*, *Matthew Bender & Co., Inc. v. West Publishing Co.*, 240 F.3d 116, 124 (2d Cir. 2001) (unreasonable conduct sufficient to justify award of attorneys' fees), and ask that any Order dismissing plaintiff's case provide for such an award, without prejudice to any other request for sanctions or other relief defendants may seek.

Very truly yours,

/s/ Timothy A. Duffy
*Counsel for Defendant The Danna Belle Store*

cc: Counsel of record via CM/ECF