UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

WEIJIE WENG,

                      Plaintiff,

          -v-

DOES 1-35, *et al.*,

                      Defendants.

22-CV-7082 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Weijie Weng brings this *pro se* copyright action against over sixty defendants, including The GRNSHTS Store ("GRNSHTS"). The Court granted GRNSHTS's motion to dismiss all claims against it. Before the Court is Weng's motion for reconsideration of that dismissal. For the reasons that follow, Weng's motion for reconsideration is denied.

**I.**  **Background**

The Court assumes familiarity with the facts and procedural history of this case. *See Weng v. Does 1-35*, No. 22-CV-7082, 2023 WL 6214876, *1 (S.D.N.Y. Sept. 25, 2023). On November 9, 2023, GRNSHTS moved to dismiss all claims against it for lack of personal jurisdiction and insufficient service of process. (ECF No. 97.) On November 13, 2023, Weng moved for a 321-day extension to respond to GRNSHTS's motion to dismiss. (ECF No. 101.) On November 16, the Court denied the motion for an extension and ordered Weng to show cause as to "why he has failed to serve the summons and complaint on Defendants within the ninety-day period, or, if Defendants have been served, when and in what manner such service was made." (ECF No. 109 at 2.) Weng has not made subsequent service attempts upon GRNSHTS. On July 15, 2024, the Court granted GRNSHTS's motion to dismiss as unopposed. (ECF No. 141.) On July 28, 2024, Weng moved for reconsideration. (ECF No. 142.) GRNSHTS opposed

the motion on August 12, 2024.  (ECF No. 144.)  Weng filed a reply on August 26, 2024 (ECF No. 145), and a "supplemental filing in support of his motion" on December 9, 2024 (ECF No. 151).

## II.     Legal Standard

To prevail on a motion for reconsideration, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  At the same time, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks omitted).

## III.    Discussion

Weng argues that the Court's characterization of GRNSHTS's motion to dismiss as "unopposed" is incorrect, in light of his multiple filings between December 5 and December 18, 2023.  (ECF No. 143 at 6 (citing ECF Nos. 125, 131, 132, 133).)  GRNSHTS responds that (1) because its motion to dismiss was filed on November 9, 2023, any opposition was required to be served by November 27, 2023 under Local Civil Rule 6.1(b), rendering Weng's submissions untimely; and (2) these submissions are in response to the Court's November 16, 2023 order to show cause, not to GRNSHTS's motion to dismiss.  (ECF No. 144 at 3.)  In any event, affording

Weng "special solicitude" as a *pro se* litigant, *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), the Court now considers arguments made in his December 2023 submissions.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89 (2d Cir. 2006) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). To survive a Rule 12(b)(5) motion to dismiss based on insufficient service of process, "the plaintiff must demonstrate that [he] adequately served the defendants." *Buon v. Spindler*, 65 F.4th 64, 73 (2d Cir. 2023).

Weng makes two arguments in opposition to GRNSHTS's Rule 12(b)(5) motion. First, Weng contends that he effectuated service on GRNSHTS by "dispatch[ing] legal documents to . . . major online platforms such as Amazon," which in turn emailed GRNSHTS to inform it of this copyright action. (ECF No. 125 at 23.) Such service is improper under Federal Rule of Procedure 4(f). Based on Weng's own submission, GRNSHTS is located in Guangdong, China. (ECF No. 79 at 3.) Rule 4(f)(3) allows service of an individual or entity outside of the United States by "means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The Hague Convention, which governs international service of process, "prohibits service by email on defendants located in China." *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1393-97 (S.D.N.Y. 2022) (explaining that China has specifically objected to service "by postal channels" under the Hague Convention, which extends to service by email). Service by email is also impermissible under Rule 4(f)(2)(C), because "Chinese law prohibits a foreign party from serving defendants located in China by email." *Id.* at 1397; *see* Fed. R. Civ. P. 4(f)(2)(C) (allowing certain methods of service "that [are] reasonably calculated to give notice . . . unless prohibited by the foreign country's law").

Second, Weng argues that GRNSHTS's active participation in this legal proceeding undermines its Rule 12(b)(5) motion. (ECF No. 125 at 25.) Specifically, counsel for GRNSHTS emailed Weng on March 22, 2023 to "confirm[] their role as legal counsel for GRNSHTS" and "request . . . a three-week extension to file a response to the complaint." (*Id.*; *see* ECF No. 125-9.) It is true that an insufficient service of process defense can be waived "by submission through conduct," where the defendant had "actual knowledge of a suit coupled with extensive participation in pretrial proceedings." *LPD New York, LLC v. Adidas Am., Inc.*, No. 15-CV-6360, 2021 WL 5139252, at *2-3 (E.D.N.Y. Nov. 4, 2021) (quotation marks omitted) (collecting cases). However, "[s]imply filing an appearance is insufficient to constitute waiver," nor are "appearances made only for the purpose of requesting extensions of time." *Gore v. RBA Grp., Inc.*, No. 03-CV-9442, 2009 WL 884565, at *5 (S.D.N.Y. Mar. 27, 2009) (citing *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) and collecting cases); *see also Orix Fin. Servs., Inc. v. Cline*, 369 F. App'x 174, 177 (2d Cir. 2010) (summary order) ("[W]e have found waiver [of the insufficient service of process defense] only where the defendant litigated the merits of the case without asserting the defense."). The only activities by GRNSHTS, as reflected on the docket, are notices of appearance filed on March 22, 2023 (ECF Nos. 72-74), before its motion practice around the instant motion to dismiss filed on November 9, 2023 (ECF No. 97). And Weng cites to no more acts of participation than the single March 22, 2023 email correspondence. Such limited participation in the proceeding is insufficient to constitute a waiver under the submission-through-conduct doctrine of this Circuit.

Thus, after reviewing Weng's various submissions, the Court concludes that there are no "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Weng has not demonstrated

that he adequately served GRNSHTS in order to survive a Rule 12(b)(5) motion. Having concluded that all claims against GRNSHTS must be dismissed for insufficient service of process, the Court need not reach Weng's separate response to GRNSHTS's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

### IV.     Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 142.

SO ORDERED.

Dated: February 18, 2025
       New York, New York

                                                             _____
                                                                       J. PAUL OETKEN
                                                             United States District Judge