UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEIJIE WENG,

                Plaintiff,

     -v-

DOES 1-35, *et al.*,

                Defendants.

22-CV-7082 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Weijie Weng brings this *pro se* copyright action against over sixty defendants, including The Danna Belle Store ("Danna Belle"). Before the Court is Danna Belle's motion to dismiss all claims against it for failure to prosecute. For the reasons that follow, Danna Belle's motion is denied.

**I.  Background**

The Court assumes familiarity with the facts and procedural history of this case. *See Weng v. Does 1-35*, No. 22-CV-7082, 2023 WL 6214876, *1 (S.D.N.Y. Sept. 25, 2023). On November 29, 2024, Danna Belle moved to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 146.) Weng filed an opposition on December 3, 2024. (ECF No. 147.) Danna Belle filed a reply in further support of its motion the same day. (ECF No. 148.) Weng filed a proposed surreply on December 4, 2024. (ECF No. 149.)

**II.  Legal Standard**

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. R. 41(b). Such a dismissal is "the harshest of sanctions," to be used against a *pro se* plaintiff "only when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)

1

(quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) and *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). In considering a Rule 41(b) dismissal, a district court must weigh five factors, none of which is dispositive:

> (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

### III. Discussion

Danna Belle urges that Weng's claims be dismissed because (1) he has failed to move this case forward, and (2) he has failed to comply with the Court's December 7, 2023 order to show cause. (*See* ECF No. 146 at 3.) Neither failure warrants dismissal under the high bar of Rule 41(b) pursuant to the *Drake* factors.

#### A. Failure to Move the Case Forward

First, Danna Belle contends that Weng has failed to "process his case diligently" because he "has done nothing to affirmatively move the case forward . . . since December 2022." *Id.* (quoting *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 113 (S.D.N.Y. 2022)). However, this is not a case where the plaintiff has completely failed to participate in the proceeding. *Cf., e.g., Pena*, 587 F. Supp. 3d at 114 (dismissing for failure to prosecute where the plaintiff "has failed to take any action in this case since . . . he filed the Complaint"); *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 122 (S.D.N.Y. 2016) (dismissing for failure to prosecute where the plaintiff "has been inaccessible for the past seventeen months"); *Mahone v. City of New York*, No. 13-CV-8014, 2015 WL 427422, at *1 (S.D.N.Y. Feb. 2, 2015) (dismissing for failure to prosecute where the plaintiff "has not complied with a single deadline set by the Court"); *Roman v. Phipps*, No. 18-

2

CV-3998, 2020 WL 2086190, at *2-3 (S.D.N.Y. Apr. 30, 2020) (dismissing for failure to prosecute where the plaintiff "has delayed this case by months by not appearing for two depositions, failing to conform to the discovery schedule, and not replying to multiple Court orders"). Meritorious or not, Weng has filed over eighty motions, letters, and briefs in this action throughout the period from December 2022 to date. In light of Weng's continuous participation in this proceeding, the first factor—the duration of delay—weighs against dismissal.

The second factor also cuts against dismissal: Danna Belle points to no evidence that Weng "was given notice that further delay would result in dismissal." *Drake*, 375 F.3d at 254. The only notice that Weng received about dismissal was based on his inadequate service. *See infra* Section III.B. Weng was not on notice that his failure to "affirmatively move the case forward" would result in dismissal.

The third factor—likelihood of prejudice—favors Danna Belle only to a limited extent. The only prejudice that Danna Belle specifically identifies is that it "was wrongfully denied access to its Amazon financial account for an entire year" (ECF No. 146 at 4)—but that was a *past* prejudice related to a terminated Temporary Restraining Order (*see* ECF No. 109 at 1-2), not prejudice caused "by further delay." *Drake*, 375 F.3d at 254. It is true that "[p]rejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Id.* at 256. Where, as here, "there is no evidence in the record that plaintiff's delay . . . caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself," this factor "lean[s] in the direction of dismissal . . . only slightly." *LeSane*, 239 F.3d at 210.

As to the fourth factor, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the

3

court." *Lucas v. Miles*, 84 F.3d 532, 536-37 (2d Cir. 1996). Here, the Court concludes that its interests in judicial efficiency do not outweigh Plaintiff's right to a day in court.

Lastly, because Weng is actively engaged in this litigation and lacked prior notice about the consequences of any failure to prosecute, other "means to move this case forward efficiently without the cudgel of extreme sanctions" remain available. *Baptiste*, 768 F.3d at 219.

Upon weighing all five factors, the Court concludes that "this is not an extreme situation that can only be remedied with the harshest of sanctions" under Rule 41(b). *Id.* (cleaned up).

### B. Failure to Comply with Court Order

As another ground for Rule 41(b) dismissal, Danna Belle argues that Weng has failed to comply with the Court's November 16, 2023 Order. The Order states:

> Mr. Weng shall advise the Court in writing why he has failed to serve the summons and complaint on Defendants within the ninety-day period, or, if Defendants have been served, when and in what manner such service was made. If no written communication is filed by December 7, 2023 showing good cause why such service was not made within ninety days, the Court will dismiss the case.

(ECF No. 109 at 2.) On December 5, 2023, Weng filed a "response to court order regarding service of summons and complaint." (ECF No. 125 (capitalization omitted).) Whether Weng's explanation for insufficient service constitutes good cause is a different question, but he did purport to comply with the Court's November 16, 2023 Order by timely filing such a response. Even if his response were deficient, any failure to comply with the Court's order would not be so egregious as to warrant a Rule 41(b) dismissal.

Accordingly, the Court denies Danna Belle's motion to dismiss for failure to prosecute, without prejudice to the filing of a motion to dismiss for insufficient service.

**IV.     Conclusion**

For the foregoing reasons, Danna Belle's motion to dismiss is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 146.

SO ORDERED.

Dated: February 18, 2025
     New York, New York

_____
J. PAUL OETKEN
United States District Judge